UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN DUGAN,

        Plaintiff,

v.                                                                          Case No. 11-CV-10190

                                                                        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL (#20)

On December 29, 2010, plaintiff filed a three count complaint in the Macomb County Circuit Court, alleging breach of contract, silent fraud, and negligence. Her claims relate to injuries she sustained in an April 23, 1999 motor vehicle accident. Defendant removed the case to this court on January 14, 2011. On July 15, 2011, defendant filed a motion for partial dismissal, seeking an order dismissing plaintiff's claims of silent fraud (Count I) and negligence (Count III) and limiting plaintiff's remaining claims to those sustained within one year of the filing of her lawsuit. Defendant argues plaintiff's non-contractual claims should be dismissed pursuant to Rule 12(c) for failure to state a claim and plaintiff's fraud claim fails to plead fraud with the particularity required under Rule 9(b). Defendant also seeks application of the affirmative defense of the one year back rule of MCL 500.3145(1). Plaintiff filed a response and defendant filed a reply. A hearing was held on the matter on September 21, 2011. For the reasons that follow, the court GRANTS in part and DENIES in part defendant's motion for partial dismissal.

STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See e.g., Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008). In deciding a motion under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950. Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." If the motion is treated as one for summary judgment, all parties must be given a reasonable opportunity to present all the material that is relevant to the motion. The court may also, in its discretion, choose to exclude the additional materials and proceed in evaluating the motion under Rule 12(c).

"Pursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud or mistake, 'the circumstances constituting fraud or mistake shall be stated with particularity.'" Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" Id., quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993); see also Sanderson v. HCA, 447 F.3d 873, 877 (6th Cir. 2006) (requiring that plaintiff specify the who, what, where, when, and how of the alleged fraud). If the claim is not properly pled, dismissal is proper. See Yuhasz, 341 F.3d at 566.

ANALYSIS

Defendant argues the Michigan No-Fault Act, MCL 500.3101 *et seq.*, provides the exclusive remedy for violation of the provisions of an insurance policy. Citing Cruz v. State Farm Mut. Auto Ins. Co., 466 Mich. 588, 595 (2002), defendant argues the Act is a comprehensive system that exclusively governs any claim a plaintiff may assert for benefits arising out of an automobile accident. However, in Cooper v. Auto Club Ins. Ass'n, 481 Mich. 399, 410-11 (2008), cited by plaintiff, the Michigan Supreme Court held a plaintiff may sustain a fraud claim in the no-fault context if she sets forth the elements of a fraud claim. "A fraud action is conceptually distinct from a no-fault action because" the elements, accrual date, and damages are different. Id. at 407. The court explained:

> Unlike a no-fault claim, a fraud claim does not arise from an insurer's mere omission to perform a contractual or statutory obligation, such as its failure to pay all the PIP benefits to which its insureds are entitled. Rather, it arises from the insurer's breach of its separate and independent duty not to deceive the insureds, which duty is imposed by law as a function of the relationship

3

of the parties.

Id. at 409.  Similarly, "a contracting party's assumption of contractual obligations does not extinguish or limit separately existing common-law or statutory tort duties owed to noncontracting third parties in the performance of the contract."  Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C., No. 141168, 2011 WL 2184294, *1 (Michigan June 6, 2011). Courts should evaluate "whether, aside from the contract, the defendant owed any independent legal duty to the plaintiff."  Id. at *7.  In Hearn v. Rickenbacker, 428 Mich. 32, 39 (1987), the Michigan Supreme Court found an insured plaintiff's fraud and negligence claims did not constitute actions on the insurance policy.  The court noted the claims "are based on actions falling outside the policy of insurance.  He is not alleging negligence associated with nonpayment of his claim, but, rather, with the handling of his premiums and policy purchase generally..."  Id.  Both Hearn and Cooper noted that damages in tort may include damages covered by the no-fault statute.  Id. at 40-41 ("The fact that a lawsuit seeks to recover a loss that was covered by an insurance policy" is not dispositive of the nature of the claims); Cooper, 481 Mich. at 409 ("insureds may recover damages for any loss sustained as a result of the fraudulent conduct, which may include the equivalent of no-fault benefits...").  The nature of the damages is not dispositive, but rather whether the plaintiff can set forth an independent tort claim.

To establish a fraud claim under Michigan law, a plaintiff must show: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) the defendant knew it was false or made it recklessly; (4) the defendant made the representation with the intention that plaintiff would act upon it; (5) plaintiff acted in reliance upon it; and (6) plaintiff suffered injury as a result.  Hi-Way Motor Co. v. Int'l Harvester Co.,

4

398 Mich. 330, 336 (1976). For a silent fraud claim, "[t]here must be circumstances that establish a legal duty to make a disclosure." Hord v. Environmental Research Institute of Michigan, 463 Mich. 399, 412 (2000). To establish negligence, a plaintiff must show: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." Case v. Consumers Power Co., 463 Mich. 1, 6 (2000).

Defendant argues plaintiff's silent fraud and negligence claims fail because plaintiff is unable to show a duty owed by defendant to plaintiff. Defendant cites Wynn v. State Automobile Mut. Ins. Co., 856 F.Supp. 330, 335 (E.D. Mich. 1994), which states: "[n]either the insurance contract nor the Michigan statute creates any duty on the part of [the insurer] to act as plaintiff's advisor with respect to informing him of the insurance benefits that are covered by the insurance contract or provided by statute." Defendant also relies upon Peabody v. Westfield Ins. Co., No. 260469, 2005 WL 1124062, *3 (Mich. App. May 12, 2005), an unpublished decision rejecting equitable estoppel and constructive fraud arguments as "[i]n response to defendant's motion for summary disposition, plaintiff presented no evidence that the adjuster intentionally misled her, and no evidence from which a reasonable inference to this effect could be drawn." In addition, defendant argues it cannot be held liable if it "merely told plaintiff its reasonable position on the question of coverage." Bromley v. Citizens Ins. Co., 113 Mich. App. 131, 137 (1982). This principle seems particularly applicable "during the claims handling and negotiation process, because during these processes the parties are in an obvious adversarial position and generally deal with each other at arm's length." Cooper, 481 Mich. at 415.

Plaintiff argues defendant voluntarily assumed the duty of explaining benefits to plaintiff and thus had a duty to do so fully. "Once a duty is voluntarily assumed, it must be

5

performed with some degree of skill and care." Zychowski v. A.J. Marshall Co., Inc., 233 Mich. App. 229, 231 (1999). Plaintiff argues defendant, as an institution, had voluntarily undertaken the duty of explaining benefits to its insureds. See Paquette v. State Farm Mut. Auto Ins. Co., No. 279909, 2009 WL 2168918, *5 (Mich. App. July 21, 2009) (noting defendant's claims representative testified that "defendant's policies and procedures involved providing family members with notice of the benefits available and making payment for those benefits when the family rendered services.") Moreover, the disclosure of partial or misleading information in order to create a false impression can constitute misrepresentation. Sullivan v. Ulrich, 326 Mich. 218, 227 (1949). Plaintiff argues she has set forth claims independent of the insurance policy. Plaintiff argues defendant voluntarily assumed the duty of informing plaintiff of her benefits and disclosed only partial information about coverage by paying limited attendant care benefits, but failed to fully perform its duty by failing to disclose all benefits available under the insurance contract. Specifically, in support of her fraud claim, plaintiff alleges:

> 31. State Farm did not disclose to Plaintiff all benefits available to her under the policy of insurance to which she may be entitled, including but not limited to attendant care benefits payable at commercially reasonable agency rates, on call attendant care, case management, transportation, accommodations, and equipment benefits, and a duty to respond truthfully to inquiries regarding the policy and/or available benefits.
>
> 32. State Farm's failure to disclose all benefits available to Plaintiff under the policy created a false impression in Plaintiff regarding the benefits to which she is entitled, and State Farm knew that it would create such a false impression.

Her factual allegations supporting her negligence claim are similar. In support of her negligence claim, she asserts:

> 43. State Farm's conduct failed to comply with its obligation of ordinary care

6

> by failing to disclose to Plaintiff all benefits available to her under the policy of insurance to which she may be entitled, including but not limited to attendant care benefits payable at commercially reasonable agency rates, on call attendant care, case management, transportation, accommodations, and equipment benefits.

In response, defendant argues that plaintiff merely alleges defendant owes more for plaintiff's care than defendant has paid and therefore the claim is not a tort claim but simply a claim under the No-Fault Act. Defendant argues Cooper is factually distinguishable because the plaintiff in that case alleged specific misrepresentations made by the defendant insurer regarding coverage and payment obligations. The court agrees. Here, plaintiff has failed to allege any specific misrepresentations made by defendant. Indeed, she only alleges she was not informed of benefits to which she "may" be entitled. She did not pinpoint the basis for her argument that defendant voluntarily assumed the duty of informing her of her benefits but only provided partial, misleading information. Because plaintiff has failed to set forth allegations sufficient to create a duty, her negligence and silent fraud claims fail.[1]

Finally, defendant argues plaintiff's claims are limited by the "one-year back rule" of MCL 500.3145(1) and recent case law. In Devillers v. Auto Club Ins. Ass'n, 473 Mich. 562, 582 (2005), the Michigan Supreme Court found that statutory language "must be enforced according to its plain meaning, and cannot be judicially revised" and thus found a judicially-created tolling doctrine inconsistent with MCL 500.3145. MCL 500.3145(1) provides that

---

[1] As plaintiff has failed to set forth negligence and silent fraud claims sufficient to satisfy Rule 12(c), the court need not address defendant's argument that plaintiff's silent fraud claim also fails to allege fraud with the specificity required under Rule 9(b). The court also need not convert this motion to one for summary judgment as it did not consider the evidence submitted by defendant through its reply brief.

"the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Plaintiff filed this action on December 29, 2010. Thus, defendant seeks an order barring claims for amounts incurred prior to December 29, 2009.

In response, plaintiff argues fraudulent concealment and equitable estoppel prevent the application of the one-year back rule in this case. Plaintiff again cites to Paquette, 2009 WL 2168918, where the jury found equitable estoppel applied and the one-year back rule was thus inapplicable. Plaintiff argues her allegations that she was not fully informed of her benefits prevent application of the rule. Defendant argues plaintiff was fully informed, contrary to the plaintiff in Paquette. This court finds plaintiff has failed to set forth fraud or equitable estoppel allegations sufficient to prevent the application of the one-year back rule. Plaintiff has not sufficiently described the basis of any equitable estoppel claim and plaintiff's fraud claim fails for the reasons set forth above.

Plaintiff also argues that the tolling provisions of MCL 600.5851 apply and thus the one-year back rule is not applicable here. "On the basis of its language, MCL 600.5851(1) supersedes all limitations in MCL 500.3145(1), including the one-year-back rule's limitation on the period of recovery." Regents of the University of Michigan v. Titan Ins. Co., 487 Mich. 289, 298 (2010). Based on this language, the court disagrees with defendant's more limited interpretation of Regents. Under MCL 600.5851, plaintiff argues she has the disability of insanity as she is unable to comprehend her rights. In support, plaintiff attaches the report of defendant's medical examiner finding plaintiff has a "cognitive impairment." Plaintiff did not plead insanity and fails to describe the time period for the alleged insanity. In reply, defendant attached documents showing plaintiff took charge of

8

handling her claim in some respects, including arranging for transportation services with defendant, submitting prescriptions for reimbursement, and updating defendant on her treatment status.  The court notes that it is highly unlikely plaintiff will be able to establish insanity under the statute at certain points in time but grants the parties time to develop the record on this issue through discovery.  At this point, it appears there is an issue of fact regarding plaintiff's allegation of insanity.  The court therefore denies defendant's request to bar plaintiff's claims for benefits prior to December 29, 2009.

Plaintiff also argues that if the court considers the allegations in the complaint insufficient to state a claim for negligence or fraud, amendment rather than dismissal is proper.  However, plaintiff has not filed a motion to amend her complaint or taken any other action to amend her claims.  The court therefore dismisses plaintiff's fraud and negligence claims without prejudice.  Upon the proper showing, the court will consider a motion by plaintiff seeking leave to amend.

CONCLUSION

For the reasons set forth above, defendant's motion for partial dismissal is GRANTED in part and DENIED in part.

Dated:  January 10, 2012

S/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

9

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2012, by electronic and/or ordinary mail and also to Kathleen Dugan at 13086 Stratford Street, Sterling Heights, MI 48313.

S/Josephine Chaffee
Deputy Clerk